UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00094-RJC

| | |
|---|---|
| KIYA CUNNINGHAM, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **Order** |
| WELLS FARGO N.A., NADINE MOONEY, DAVID MCDOWELL, JENNIFER S. JOHNSON, CHARLES STOKES, AND TRACY A. TOLAND, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Extension of Time (Doc. No. 12) and Defendant's Motion to Dismiss (Doc. No. 7).

## I. BACKGROUND

Pro se Plaintiff filed this action on March 8, 2022, alleging various "unlawful employment actions" by Defendants. (Doc. No. 1). According to Plaintiff's three page Complaint, she is an African American female, who was employed with Defendant Wells Fargo for more than fourteen years, from May 2006 until October 8, 2020. (*Id.* ¶¶ 1-2). She filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") on March 3, 2020, and the EEOC issued its Notice of Right to Sue on December 10, 2021. (*Id.* ¶ 12). Plaintiff alleges the Defendants engaged in "unlawful employment actions . . . against Plaintiff . . . because of her race, color, actual or perceived disability, and in reprisal for her several complaints to Defendants about its unlawful discrimination." (*Id.* at 1). Plaintiff appears to assert claims "under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, under the Civil Rights Act of 1866, 42

U.S.C. § 1981 *et seq.*, the Family [and] Medical Leave Act, 29 U.S.C. §2601 ("FMLA"), [and the] Americans with Disabilities Act 42 U.S.C. §§12101, *et seq.* ("ADA")." (*Id.* ¶ 8).

In response to Plaintiff's Complaint, on June 22, 2022, Defendants filed a Motion to Dismiss. (Doc. Nos. 7-8). First, Plaintiff requested a 45-day extension of time to respond to Defendants' Motion to Dismiss in order "to find counsel to assist in this case." (Doc. No. 9). The Court granted Plaintiff's request, and ordered Plaintiff to respond to Defendants' Motion to Dismiss by August 22, 2022. Plaintiff did not timely respond to Defendants' Motion to Dismiss. Instead, more than three weeks after the extended response deadline, Plaintiff filed a second motion for extension of time because she was "actively attempting to retain counsel." (Doc. No. 10). Given Plaintiff's pro se status and attempt to retain counsel, the Court granted Plaintiff's second motion for extension of time. (Doc. No. 11). However, the Court observed that the case was pending for more than six months, the entirety of which the Plaintiff had opportunity to retain counsel. (*Id.*). And, at that time, the Plaintiff had more than eighty days to respond to Defendants' Motion to Dismiss. (*Id.*). Therefore, the Court notified Plaintiff that she had the right to respond to the Motion to Dismiss or file an amended complaint within 14 days of the Court's Order. (*Id.*). The Court also advised Plaintiff that the failure to respond to the Motion to Dismiss or file an amended complaint could result in the Court dismissing the Complaint without further notice. (*Id.*).

Nevertheless, Plaintiff did not respond to the Motion to Dismiss or file an amended complaint. Instead, she filed a third motion for extension of time. (Doc. No. 12). According to her motion, "Plaintiff has attempted to find counsel however her search was impeded due to an illness, tremendous pressure of other equally urgent professional work requiring the preparation of pleadings, and an unforeseen important family matter that necessitated her immediate

attention." (*Id.*). Thus, Plaintiff seeks an additional 21 "business days" to respond to the Motion to Dismiss or file an amended complaint in order "to find counsel." (*Id.*).

## II. STANDARD OF REVIEW

The standard of review for a motion to dismiss is well known. "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fed. Nat'l Mortg. Ass'n v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked under Rule 12(b)(6) will survive if it contains enough factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An allegation is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary, and the statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration omitted). Additionally, when ruling on a motion to dismiss, a court "should view the complaint in a light most favorable to the plaintiff," *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), and it must accept the complaint's factual allegations as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). And, at the motion-to-dismiss stage, "[c]ourts cannot weigh the facts or assess the evidence," though "a complaint entirely devoid of any facts supporting a given claim cannot

proceed." *Potomac Conf. Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014) (emphasis omitted).

### III. DISCUSSION

Plaintiff has now had more than 110 days to respond to Defendants' Motion to Dismiss or to file an amended complaint. The Court previously advised Plaintiff that failing to respond to the Motion to Dismiss or to file an amended complaint may cause the Court to dismiss this case without further notice. Plaintiff did not respond to the Motion to Dismiss or file an amended complaint. Even more, Plaintiff filed this action more than seven months ago, the entirety of which Plaintiff had the opportunity to retain counsel to assist in this matter. Plaintiff failed to show good cause as to why another extension of time is necessary and Plaintiff's Motion for Extension of Time is denied.

Defendants argue Plaintiff's Complaint should be dismissed because she fails to plead any facts to support her claims. The Court agrees. While the Court liberally construes Plaintiff's pro se Complaint, Plaintiff's bare bones Complaint is entirely devoid of any factual allegations to support any claims of discrimination against Wells Fargo or the individual Defendants. The Complaint does nothing more than state who the parties are, explain why this Court has jurisdiction, and make conclusory allegations of "unlawful employment actions" and violations of various employment laws, without any set of facts to support the conclusory allegations. Plaintiff had ample opportunity to file an amended complaint setting forth any factual allegations to support any of her claims, but she did not. Accordingly, Plaintiff's Complaint is dismissed.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Extension of Time (Doc. No. 12) is **DENIED**; and

2. Defendants' Motion to Dismiss (Doc. No. 7) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED without prejudice**.

The Clerk of Court is directed to close this case.

Signed: October 19, 2022

Robert J. Conrad, Jr.
United States District Judge