UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-000094-RJC

| KIYA CUNNINGHAM, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| WELLS FARGO N.A., NADINE MOONEY, DAVID MCDOWELL, JENNIFER S. JOHNSON, CHARLES STOKES, and TRACY A. TOLAND. | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on *pro se* Plaintiff Kiya Cunningham's Motion for Reconsideration. (Doc. No. 16).

## I. BACKGROUND

On March 8, 2022, Plaintiff filed a complaint alleging unlawful employment actions against Defendants. The Court granted two of Plaintiff's Motions for Extension of Time over the following six months due to Plaintiff's inability to obtain counsel. On October 7, 2022, Plaintiff filed a third Motion for Extension to Time, asserting that she had experienced illness and unforeseen family matters which further impeded her search for counsel. On October 19, 2022, the Court entered an Order denying Plaintiff's third Motion for Extension of Time and granting Defendants' Motion to Dismiss for Plaintiff's failure to respond to the motion, to file an amended complaint, or to plead any facts supporting her claims. (Doc. No. 14). The case was dismissed

1

without prejudice. Plaintiff filed the instant Motion for Reconsideration[1] pursuant to Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 60 on November 16, 2022 (Doc. No. 16).[2]

## II. DISCUSSION

In her Motion for Reconsideration, (Doc. No. 16), Plaintiff cites her inability to find counsel, an unforeseen family matter, and an "illness that affected [her] mental process," (Doc. No. 16), as reasons for her failure to amend her complaint in a timely manner or provide a response to Defendants' Motion to Dismiss. The reasons provided fail to reach the standards set forth in Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure.

### A. Plaintiff's Motion Fails Under Rule 59(e)

Rule 59(e) allows for a court to alter or amend a judgment upon a motion filed no later than 28 days after the entry of the judgment. Fed. R. Civ. Pro. 59(e). Motions for reconsideration under Rule 59(e) are within the district court's discretion. *Collison v. International Chemical Workers Union Local 217*, 34 F.3d 233, 236 (4th Cir. 1994). However, a Rule 59(e) motion will only be granted in "very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, "[a] Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." *Mayfield v. National Ass'n for*

---

[1] Plaintiff's Motion for Reconsideration (Doc. No. 16) also requested reconsideration pursuant to Rule 52(b) and 54. However, Rule 52(b) concerns findings and conclusions by the Court as well as judgments on partial findings and does not apply here. Rule 54 concerns costs in association with final judgments and is similarly inapplicable.

[2] Plaintiff attached a "Proposed Amended Complaint" to the instant motion as an exhibit. (Doc. No. 16-1). Because she filed the amended complaint too late to comply with Rule 15 of the Federal Rules of Civil Procedure, the Court will not consider that Amended Complaint.

2

*Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)); *see also Hill*, 277 F.3d at 708. Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." *Hill*, 277 F.3d at 708 (citing *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). The circumstances under which a Rule 59(e) motion may be granted are so limited that they are typically denied. 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (3d ed. April 2023 update); *see also Woodrum v. Thomas Mem'l Hosp. Found., Inc.*, 186 F.R.D. 350, 351 (S.D. W. Va. 1999).

Plaintiff timely filed her motion for reconsideration within 28 days of the Court's dismissal Order, and the court will address her motion under Rule 59(e). Plaintiff asserts that she was unable to find counsel, that family matters arose, and that she "experienced an illness that affected [her] mental process." (Doc. No. 16). These explanations were previously proffered by Plaintiff and rejected by this Court. Plaintiff provides no new arguments in her request for reconsideration. She does not point to an intervening change in controlling law, new evidence, or a clear error of law or injustice that requires correction. Neither the inability to find counsel, familial matters, nor illness referenced by Plaintiff fall under these "very narrow" categories laid out by *Hill*. Plaintiff's Motion for Reconsideration under Rule 59(e) is therefore denied.

### B. Plaintiff's Motion Fails Under Rule 60

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (internal quotation marks omitted) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), *cert denied*, 399 U.S. 927 (1970)). "To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that [s]he has a meritorious claim or

3

defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). If a movant satisfies these three requirements, she also must show that her motion falls under one of the six grounds set forth in Rule 60(b). *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984); *see also Welsh*, 879 F.3d at 533. Rule 60(b) permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion must be made within a "reasonable time," and for reasons one through three, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Here, Plaintiff meets the timeliness requirements of Rule 60, as she timely filed the motion at issue here within 28 days of the Order denying Plaintiff's Motion for Extension of Time and granting Defendants' Motion to Dismiss. (Doc. Nos. 14, 16). However, Plaintiff's motion fails the second prong because it lacks a meritorious claim. The original Complaint contains no factual allegations to support the discrimination alleged by Defendant Wells Fargo and merely names the other defendants, listing their respective races and sexes and making conclusory allegations of various employment law violations. (Doc. No. 1). The Motion for Reconsideration, as well as the

4

previous three motions for extensions of time, lacks any meritorious claim. (Doc. Nos. 9, 10, 12, 16). Plaintiff failed to support any claims of discrimination with a single factual allegation, despite having ample time to file an amended complaint.

Additionally, granting Plaintiff's motion for reconsideration at this point in time would unfairly prejudice Defendants, as granting this motion would allow Plaintiff to file an amended complaint more than a year after the original complaint—far more than the allotted 21 days afforded by Rule 15(a).

Further, even if Plaintiff's motion for reconsideration had survived the preliminary requirements, it does not fall within the grounds for relief under Rule 60(b). Plaintiff comes closest to arguing that "excusable neglect" entitles her to relief under Rule 60(b)(1), but her motion fails to meet the standard. In the Fourth Circuit, "excusable neglect is not easily demonstrated." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). Neglect has been understood to include "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Justus v. Clarke*, No. 20-6351, 2023 WL 5211380, at *6 (4th Cir. Aug. 15, 2023). To determine whether the neglect was excusable, a court engages in an equitable inquiry, considering the surrounding circumstances, such as the potential for prejudice to the nonmovant, the reason for the delay, whether the delay was within reasonable control of the movant, and whether the movant acted in good faith. *Id.* "When the party is at fault, the [court's interest in finality and efficiency] dominate[s] and the party must adequately defend its conduct in order to show excusable neglect." *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir.1988) (per curiam)).

Here, Plaintiff allowed more than 100 days to elapse after Defendants filed their Motion to

5

Dismiss, and she was advised that failing to respond or file an amended complaint would likely result in the Court dismissing the case. (Doc. No. 11). Plaintiff attempted to file an amended complaint only after this Court granted Defendants' Motion to Dismiss. (Doc. No. 16-1). Plaintiff could have filed an amended complaint at any point in the more than 100 days since Defendants' Motion to Dismiss was filed, during which the Court granted her two Motions for Extension of Time. The fault rests with Plaintiff, and the reasons for her untimeliness—that she was unable to find counsel, that family matters arose, and that she "experienced an illness that affected [her] mental process"—fail to adequately evidence excusable neglect. (Doc. No. 16). Plaintiff's Motion for Reconsideration under Rule 60(b) is therefore denied.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Reconsideration, (Doc. No. 16), is **DENIED**.

The Clerk is respectfully directed to close this case.

Signed: September 5, 2023

Robert J. Conrad, Jr.
United States District Judge